# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CLARA K. DUFFIELD, widow of RICHARD DUFFIELD, | : |
| Petitioner | : |
| v. | : |
| | : No. 15-1308 |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR | : |
| and | : |
| ONEIDA COAL COMPANY, INC., | : |
| Respondents | : |

### DIRECTOR'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO HOLD THE BRIEFING SCHEDULE IN ABEYANCE

Pursuant to Rule 27(a) of the Federal Rules of Appellate Procedure and Fourth Circuit Local Rule 27(f), the Director, Office of Workers' Compensation Programs, United States Department of Labor, by counsel, respectfully moves this Court to dismiss the appeal in the above-captioned case for lack of jurisdiction. As grounds for this motion, the Director states the Court does not have jurisdiction to consider the appeal because the February 26, 2015, decision and order of the Benefits Review Board (the subject decision) is not a final order. Accordingly, the Court is without jurisdiction to review the appeal.

This case involves a claim filed by *pro se* claimant Clara K. Duffield for survivor's benefits on September 13, 2010, pursuant to the Black Lung Benefits Act (BLBA), as amended, 30 U.S.C. §§ 901-944 (2012). The Board entered its decision and order remanding the case for further proceedings to the administrative law judge on February 26, 2015. *See* Board decision attached to the Court's March 25, 2015, case opening document. Mrs. Duffield thereupon petitioned this Court for review of the Board's decision and order on March 25, 2015.

Section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a), provides that "[a]ny person adversely affected or aggrieved by a <u>final order</u>" of the Board may invoke the jurisdiction of the appropriate court of appeals to review that Board decision. 33 U.S.C. § 921(c) (1978) (emphasis added); *see Director, OWCP v. Brodka*, 643 F.2d 159, 161 (3d Cir. 1981) (recognizing that section 21 (c) requires Board orders to be final). This Court has consistently held that the BLBA adheres to the "statutory concept of finality" as the basis of appellate jurisdiction, applying a "practical rather than a technical construction" in judging the finality of an order. *Newport News Shipbuilding and Dry Dock Co. v. Director,* 590 F.2d 1267, 1268 (4th Cir. 1978); *see also Cohen v Beneficial Industrial Loan Corp*., 337 U.S. 541, 546 (1949); 28 U.S.C. § 1291. Under this statutory scheme, the final order rule serves "to avoid piecemeal trial and appellate litigation and the delays and costs of

2

multiple appeals upon both parties and the courts, as well as to provide a clear test so that needless precautionary appeals need not be taken lest substantive rights be lost." *Newport Shipbuilding and Repair, Inc. v. Roundtree,* 723 F.2d 399, 401 (5th Cir. 1984) (en banc). In recognition of these purposes of the final judgment rule in the context of administrative proceedings, this Court has specifically held that "an order of the BRB affirming in part and remanding in part to the Administrative Law Judge does not constitute a final order for the purposes of reviewability under § 921." *Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 38 (4th Cir. 1993); *see also Newport News,* 590 F.2d at 1269; *FTC v. Standard Oil Co.*, 449 U.S. 232, 242 (1980) (noting that "judicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise," and that "[i]ntervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary").

Clearly, the subject Board order remanding the case to the administrative law judge for further appropriate action does not constitute a final order since the decision does not end the litigation on the merits or leave nothing for the Court to do but execute judgment. The relief sought by Mrs. Duffield, namely benefits under the BLBA, cannot be granted until the administrative law judge considers the credibility of the evidence supporting an award. *See Zbosnik v. Badger Coal Co.,* 759 F. 2d 1187, 1189 (4th Cir. 1985) (observing that the administrative law

judge is in a better position to assess the weight and sufficiency of the evidence than either the Board or the courts of appeals); *see also Director, OWCP v. Rowe*, 710 F.2d 251, 155 (6th Cir. 1983) (holding that the determination of the weight to be accorded evidence is essentially a credibility matter for the fact finder to decide).  The Board's decision and order has not ended the litigation of the merits.  Under these circumstances, the finality rule requires the Court to find the Board's decision and order non-final and thus non-appealable.

The Director has received a briefing schedule and further moves the court to stay proceedings in the instant case pending a ruling on his motion to dismiss. If the case is dismissed on jurisdictional grounds, briefing by the parties will be unnecessary.

    Respectfully submitted

    M. PATRICIA SMITH
    Solicitor of Labor

    RAE ELLEN JAMES
    Associate Solicitor

    GARY K. STEARMAN
    Counsel for Appellate Litigation

    <u>/s Rita A. Roppolo</u>
    RITA A. ROPPOLO
    Attorney
    U.S. Department of Labor
    Office of the Solicitor
    Frances Perkins Building,
    Suite N-2117
    200 Constitution Avenue, N.W.
    Washington, D.C. 20210
    (202) 693-5664
    roppolo.rita@dol.gov

    Attorneys for the Director, Office
    of Workers' Compensation Programs

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2015, the Director's Motion to Dismiss for Lack of Jurisdiction and to Hold the Briefing Schedule in Abeyance was served electronically using the Court's CM/ECF system on:

John C. Artz
Ogletree Deakins Nash Smoak & Steward, PC
1 PPG Place
Pittsburgh, PA  15222

and by U.S. mail, postage prepaid, on:

Mrs. Clara K. Duffield
89 Lone Deer Drive
Sutton, WV 26601

s/Rita A. Roppolo
RITA A. ROPPOLO
Attorney
U.S. Department of Labor
